10 AUG 31 PM 2: 15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AARON M. BEVIK, | ) | CASE NO. 4:10 CV 0691 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| J.T. SHARTLE, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Before the Court is pro se Petitioner Aaron M. Bevik's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Mr. Bevik, who is incarcerated at the Federal Correctional Center at Elkton (F.C.I. Elkton) in Elkton, Ohio, seeks more than 30-60 days placement in a Residential Reentry Center (RRC). He filed an amendment to his petition on July 13, 2010. *See* Doc. 4.

*Background*

The United States District Court for the Eastern District of Michigan sentenced Mr. Bevik to the Bureau of Prisons (BOP) for a term of 48 months for Possession of Child Pornography

in violation of 18 U.S.C. § 2252A(A)(5)(B). The court credited his sentence, which commenced on September 28, 2007, with 25 months and 19 days.

Mr. Bevik's scheduled release date is March 23, 2011. On or about October 20, 2009, he arrived at F.C.I. Elkton. A Unit Team meeting was held on November 12, 2009. That same date, an "Inmate Skills Development Plan" (Doc. 1-3) was completed. The ten-page Plan includes seven pages with the following nine titles and several subcategories detailing information about Mr. Bevik: "Academic," "Vocational/Career," "Interpersonal," "Wellness," "Mental Health," "Cognitive," "Character," "Leisure," and "Daily Living." The Plan concludes with a recommended range of 30-60 days placement in a RRC.

For reasons not explained, Mr. Bevik waited until March 1, 2010 to submit a grievance regarding the 30-60 days placement period. His Case Manager provided a response on March 9, 2010, which "parroted the five criteria set forth in 18 U.S.C. § 3624(c)." Doc. 1 at 18. In his amended petition, however, Mr. Bevik claims he was never evaluated by his Unit Team until March 16, 2010, "at which time a 30-60 day RRC placement was proposed." Doc. 4 at 2. Noting his "outdate" is March 23, 2010, Petitioner complained the prison's response time violated BOP policy and his right to due process.

While Mr. Bevik believes exhaustion of his administrative remedies would be futile, he still appealed to Warden Shartle on May 11, 2010. He maintained he needed a lengthier period in RRC because it will take longer to secure employment as a sex offender who formerly worked in a school system. Because placement in a school setting will not be an option, Mr. Bevik asserts he will need more time than most former inmates to seek gainful employment "so that I can earn more than minimum wage." Doc. 4-1 at 3. Also, he notes he has been imprisoned for a longer period of

2

time than his federal sentence reflects because he was in a state prison before his federal sentence commenced.

Warden Shartle denied his request. On appeal to the Regional Director, Petitioner reiterated his concerns. In a response dated June 11, 2010, Regional Director J.L. Norwood explained what criteria under the Second Chance Act of 2007 (the Act), 42 U.S.C. § 17501, the Unit Team examined before designating him for placement in a RRC. Mr. Norwood acknowledged that the Unit Team considered these criteria when it examined Petitioner's case. Thus, Petitioner's appeal was denied. *See* Doc. 4-1 at 4. Mr. Bevik is awaiting a decision from the General Counsel, which he believes would be forthcoming on or about August 30, 2010. For the reasons set forth below, the petition is denied.

*Analysis*

Mr. Bevik claims he meets or exceeds the criteria for maximum placement in a RRC. He asks the Court to consider the fact that, prior to serving his federal sentence, he spent time in state prison for a related offense. Thus, he asserts the BOP should consider he has been incarcerated 70 months rather than the 48 months indicated by his federal sentence. He states his family has abandoned him, with the exception of his mother, who lives in North Dakota but is unable to help him with housing. As explained above, Mr. Bevik's "previous employment was in schools, [but] my degree will no longer help me." Doc. 4-1 at 3. He complains he will be overqualified for most jobs available to an applicant with a criminal background. Moreover, while he was able to participate in sex offender therapy in the Michigan State system, F.C.I. Elkton does not provide such a program. He further notes he will be facing an abysmal job market in metropolitan Detroit.

Petitioner maintains the BOP has a policy which limits his placement in a RRC for

more than six months, up to twelve months. The "policy" to which Mr. Bevik refers is a public announcement of Harley G. Lappin, the BOP Director, allegedly made on July 15, 2008. He quotes the Director as stating:

> [D]o not expect any substantial move to increase to those facilities as he is relying on "our research that showed for most inmates greater than six months in a halfway house or RRC was not productive. He further went on to say that i[t] was cheaper to house an inmate in a low-security prison than it was to place him/her in an RRC.

Doc. 1 at 14. Petitioner asserts this unofficial BOP policy categorically denies prisoners more than six months placement in a Community Corrections Center (CCC), which violates the Act and due process. He now requests the maximum allowable placement in a RRC. He argues he will be irreparably harmed if denied earlier placement in a halfway house.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; Harper v. Thoms, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in Petitioner's favor. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001). As Mr. Bevik is appearing pro se, his petition is held to less stringent standards than those drafted by attorneys. Burton v. Jones, 321 F.3d 569, 573 (6th Cir. 2003); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999). For the reasons set forth below, however, the petition lacks merit.

*Not Entitled to Habeas Relief*

Mr. Bevik argues his right to due process was violated because respondent failed to consider his placement 17 months before his scheduled release date. Under the circumstances of his

4

case, the BOP could scarcely provide an earlier evaluation. Less than one month after his arrival at F.C.I. Elkton, Petitioner was evaluated for RRC placement. While the evaluation may not have occurred exactly17 months prior to his release, Petitioner was also scheduled to be released within 17 months from the October 2009 date of his arrival at the prison. Therefore, the BOP acted reasonably to evaluate a proposed RRC placement date within one month of his arrival. The facts reveal it was Mr. Bevik who waited four months before challenging his scheduled release date.

A review of Petitioner's Inmate Skills Development Plan reveals a significant level of detail regarding the criteria upon which the BOP determined his eligibility for RRC placement under the Act. Congress passed the Act in part to amend 18 U.S.C. § 3624(c)(1), which charges the BOP with facilitating a prisoner's reentry into society. The substance of the amendment provides that the BOP Director shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (*not to exceed 12 months*), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act, Pub.L. 110-199, § 251, 122 Stat. 660, 692 (effective April 9, 2008) (emphasis added). The statute is clear: prisoners are entitled to placement in a CCC *up to* 12 months.

As Mr. Bevik noted, the BOP issued an interim policy Memorandum on April 14, 2008 to address CCC placement considerations under the Act. The Memorandum requires RRC placement decisions be made on an individual basis with reference to the five factors set out in § 3621(b). Inmates previously denied RRC placement were to be reconsidered under the standards set out in the Memorandum. The BOP subsequently issued the requisite regulations, effective October 21, 2008, to set forth procedures for evaluating when an inmate is eligible for transfer to a

RRC or home detention. See 28 C.F.R. §§ 570.20-570.22. Unlike the April 14, 2008 memo, the regulations do not include the requirement for Regional Director approval for pre-release RRC placement beyond six months.

Review of the petition and attachments reveals the BOP considered Petitioner's eligibility under the relevant criteria. The fact he was not assigned 12 months placement in a CCC is not a violation of the statute. Contrary to Mr. Bevik's belief, the official policy of the BOP does not foreclose the assignment of a prisoner to a CCC for more than six months. Nothing in the record even suggests the BOP determined Petitioner was not entitled to more than six months as a matter of policy.

Finally, if Petitioner were denied privileges under the Act, the remedy is not an immediate transfer. Rather, Mr. Bevik's remedy would be a proper exercise of discretion by respondent. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005). Petitioner has no due process right, protected by the Fifth Amendment, to be placed in a CCC earlier than the date on which the BOP assigns him--as long it has considered the factors set forth in § 3621(b) as required by the Act. The BOP has the vested right to exercise complete and absolute discretion in regard to the incarceration and classification of a lawfully convicted prisoner. 18 U.S.C. § 3621; Moody v. Daggett, 429 U.S. 78, 88 (1976); Beard v. Livesay, 798 F.2d 874 (6th Cir. 1986). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).

*Conclusion*

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated:  August 31, 2010

JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

7